**Hai Wu SHAN, Petitioner,**

**v.**

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales,[1] Respondents.**

**No. 04–1766–AG.**

United States Court of Appeals, Second Circuit.

Jan. 27, 2006.

David X. Feng, New York, New York, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Stephen L. Heinze, Edmond E. Chang,

Carole J. Ryczek, Assistant United States Attorneys, Chicago, Illinois, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. ROBERT A. KATZMANN, and Hon. B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Hai Wu Shan, through counsel, petitions for review a BIA decision denying his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume familiarity with the underlying facts and procedural history.

Where, as here, the BIA affirmatively adopts a decision of the IJ and issues a short opinion that merely restates the IJ's reasoning, this Court reviews only the IJ's decision. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). The IJ's factual findings are reviewed under the substantial evidence standard, and those factual findings will only be overturned if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004). An IJ's application of fact to law is reviewed *de novo*. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

Here, the IJ's findings are supported by substantial evidence. The only incident Shan experienced with the Chinese government was when he was questioned by the police about his Falun Gong activities.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Shan did not allege that he was beaten, tortured, or mistreated in any way while he was at the police station. Shan also did not allege that his parents had ever been mistreated by the government for their Falun Gong participation. Based on Shan's testimony, he has not proven that he suffered past persecution in China.

To establish asylum eligibility based on a well-founded fear of future persecution, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire*, 357 F.3d at 178. In this case, the IJ determined that Shan did not have a well-founded fear of persecution because he could re-locate to another part of the country in order to avoid any potential persecution. In order to deny a petition on this ground, the IJ must find that an alien could avoid persecution by relocating to a different part of the country and that relocation is reasonable under the circumstances. 8 C.F.R. § 208.13(b)(2)(ii). The IJ noted that Shan's parents have moved to another part of the country, and they have not had any problems with the government since relocating. Shan did not present any evidence that he would unable to relocate in China.

The IJ also denied Shan's claim that he had a well-founded fear of persecution based on his illegal exit from China because Shan did not prove that his exit was, in fact, illegal. Shan testified that he used his own passport to exit China, and he only received a false passport from the snakehead once he had left China. Because Shan testified that he used his own passport to exit China, the IJ properly determined that he did not have a well-founded fear of persecution for illegally exiting China.

Because the IJ properly determined that Shan failed to meet his burden for his asylum claim, the IJ also properly denied Shan's claim for withholding of removal.

The IJ denied Shan's CAT claim on the ground that he did not prove it was more likely than not he would be tortured if he returned to China. For the reasons stated above, Shan did not prove that he left China illegally. The IJ properly determined that Shan failed to prove that it was more likely than not he would be tortured upon his return to China.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).